IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS:
MCALLEN DIVISION

| | | |
|---|---|---|
| OSCAR MARQUEZ LARA,<br>  Plaintiff | § § § | |
| V. | § § § | CIVIL ACTION NO. 7:23-cv-00131 |
| WALMART INC., INDIVIDUALLY<br>AND D//B/A SAM'S CLUB, AND<br>SAM'S EAST, INC.,<br>  Defendants | § § § § § | |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff **OSCAR MARQUEZ LARA** and files this First Amended Petition complaining of Defendants **WALMART, INC. INDIVIDUALLY AND D/B/A SAM'S CLUB AND SAM'S EAST, INC.** for causes of action, Plaintiff would show as follows:

### I.
### *Discovery Control Plan*

1. Discovery in this action is intended to be conducted under Level 3, in accordance with Rule 190.4 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### *Parties*

2. Plaintiff **OSCAR MARQUEZ LARA** is an individual and resident of Hidalgo County, Texas.

3. Defendant **WALMART, INC., INDIVIDUALLY AND D/B/A SAM'S CLUB (hereinafter referred to as "Walmart")** is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Walmart can be served through its registered agent, CT

1

Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever it may be found.

4. Defendant **SAM'S EAST, INC. ("Sam's")** is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Sam's has answered and appeared in this cause.

5. Plaintiff specifically invokes the right to institute this suit against whatever entity was conducting business using the assumed or common name of "Walmart, Inc.," "Sam's Club" and "Sam's East, Inc." with regard to the events described in this Petition. Plaintiff expressly invokes his right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court.

### III.
*Venue*

6. Venue is proper in Hidalgo County, Texas, in that the loss made the basis of this action occurred in Hidalgo County.

### IV.
*Jurisdiction*

7. This Court has jurisdiction in this matter because the damages to Plaintiff are within the jurisdictional limits of this Court.

### V.
*Factual Background*

8. Plaintiff's cause of action arose from an incident that occurred on or about August 18, 2022 at around 6:00 to 6:30 p.m. at the premises of Defendants Walmart and/or Sam's property located at 1400 E. Jackson Avenue, McAllen, Texas. On the day in question, Plaintiff was shopping at the Defendants Walmart and/or Sam's store located on the premises. An employee of the store pushed a loaded palate jack into Plaintiff. Plaintiff became pinned between the palate jack and a soda display. The impact caused Plaintiff serious injuries.

## VI.
### *Causes of Action*

**NEGLIGENCE**

9. Plaintiff realleges, as if fully set forth herein, each and every allegation contained in the paragraphs above, and further alleges:

10. At all times material hereto, Defendants Walmart and/or Sam's were the possessors in control of the premises located at 1400 E. Jackson Avenue, McAllen, Texas.

11. At all times material hereto, Defendants Walmart and/or Sam's owed a duty of ordinary care to Plaintiff, the breach of which proximately caused the damages set forth herein. Defendant owed Plaintiff a duty to use ordinary care in supervising and training its employees.

12. At all times pertinent, Defendants Walmart and/or Sam's, Defendants' agents, servants, and/or employees who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in one or more of the following ways:

   a. Failing to use reasonable care in the operation of their equipment.

   b. Failing to take reasonable precautions to prevent this type of injury from occurring.

   c. Failure to keep a proper lookout.

## VII.
### *Damages*

13. At this time, the full extent of Plaintiff's damages is not known. At the time of filing this lawsuit, Plaintiff seeks monetary relief "over $1,000,000" in accordance with TRCP paragraph (c)(4) of R. 47, however, Plaintiff knows that, ultimately, a jury will determine the full value of damages. Plaintiff reserves the right to amend this petition, including this provision, as the case continues.

14.     Plaintiff seeks recovery of the following categories of damages from Defendants: (1) past and future physical pain; (2) past and future mental pain and anguish; (3) past and future medical expenses; (4) past and future lost wages; (5) disfigurement; and (6) past and future physical impairment.

15.     As a further result of Defendant's negligence as described above, Plaintiff has incurred expenses for medical care and attention and such expenses are continuing to accrue as of the filing of this petition. All of these expenses are reasonable and customary in the localities in which they were incurred.

16.     As a further result of the injuries sustained by Plaintiff, there is a reasonable probability that Plaintiff will require further medical care and attention and will incur future reasonable and necessary expenses for this medical care and attention.

## VIII.
### *Preservation of Evidence*

17.     Plaintiff hereby requests and demands that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs; videotapes; audiotapes; recordings; business or medical records; bills; estimates; invoices; checks; correspondence; memoranda; files; facsimiles; email; voice mail; text messages; investigation; cellular telephone records; calendar entries; and any electronic image, data, or information related to the Plaintiff, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute spoliation of the evidence.

## IX.
*Designated E-Service Email Address*

19.     The following is the undersigned attorney's designated e-Service email address for all e-service documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a): taylor@lapezejohns.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Defendants be cited to appear and answer, and that on final trial Plaintiff has:

a.  Judgment against Defendants in a sum in excess of the minimum jurisdictional limits of the Court for Plaintiff's damages;
b.  Prejudgment interest;
c.  Post-judgment interest;
d.  Costs of court; and

All such other relief, at law or in equity, to which Plaintiff may show himself to be entitled.

Respectfully submitted,

LAPEZE & JOHNS, P.L.L.C.

Keith W. Lapeze
Texas Bar No. 24010176
Taylor Shipman
Texas Bar No. 24079323
601 Sawyer Street, Suite 650
Houston, Texas 77007
(713) 739-1010 Telephone
(713) 739-1015 Fax
taylor@lapezejohns.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing documents was filed and served via the Court's CM/ECF system.

_____<br>
Keith W. Lapeze